IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

        Plaintiff,

                08-cv-564-bbc

    v.

REAL PROPERTY LOCATED AT
1044 CHERRY DRIVE, TOWNSHIP
OF ELDERON, MARATHON COUNTY,
WISCONSIN, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON;

and

REAL PROPERTY LOCATED AT
794 CHERRY DRIVE, TOWNSHIP
OF ELDERON, MARATHON COUNTY,
WISCONSIN, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action for forfeiture of real property is before the court on the motion of plaintiff United States of America for summary judgment. Claimant Randal Fenske contests the motion. His son, Aubrey Daniel Fenske, was given leave to withdraw his claim after he had determined that Randal Fenske owned both properties at issue. Dkt. ##41 & 43.

1

Plaintiff United States filed proposed findings of fact that are uncontroverted by claimant, who filed only a declaration in support of his opposition to plaintiff's motion for summary judgment. From the facts proposed by plaintiff and unopposed by claimant and from claimant's declaration, I find hat the following facts are both undisputed and material.

UNDISPUTED FACTS

On or about September 18, 2008, a search warrant was executed on property owned by claimant in Shawano County, Wisconsin. While executing the warrant, law enforcement officers discovered claimant and his son, Aubrey Fenske, actively harvesting marijuana. Officers located approximately 84 marijuana plants growing in three separate sites on the Shawano County property.

On or about September 18, 2008, a search warrant was executed on claimant's residence at 1044 Cherry Drive, Township of Elderon. In a bedroom, officers found a triple beam scale, a plastic bag containing 153.9 grams of marijuana, money laundering books, rolling papers, marijuana seeds and a grinder, along with numerous plastic bags and miscellaneous drug related posters. The basement of the house held a marijuana grow room containing six marijuana plants, a grow light and a fan. Officers found three miniature marijuana plants between claimant's residence and the garage. They believed that these were "mother" plants used for cloning because numerous stems and leaves had been cut just above

2

nodes on the branches.

Officers found other items in the garage at 1044 Cherry Drive, including a large "drying room" containing approximately 185 pounds of freshly harvested marijuana, fans and humidifiers. In a smaller room they located white fluorescent lights and other grow lights.

Officers executed a search warrant at Aubrey Fenske's residence at 794 Cherry Drive, Township of Elderon on September 18, 2008. In a drawer in a bedroom, they found a plastic bag containing 174.25 grams of marijuana, a marijuana grinder, a metal scale, rolling papers and a plastic bag containing 2.56 grams of marijuana. In another bedroom, they found a plastic bag containing 46.83 grams of marijuana in a large garbage bag. In a closet in that bedroom, they found baggies containing small amounts of marijuana, a "blunt" and a glass pipe. In an area of the basement, they found a tripe beam scale, numerous plastic bags and a bag containing 3.98 grams of marijuana.

In a statement to law enforcement on January 8, 2009, Aubrey Fenske said that he and his father transported the marijuana grown in Shawano County to 1044 Cherry Drive, Township of Elderon, where the marijuana would be hung to dry and then processed. He added that on occasion he would process or clip the marijuana, but said that he did not help his father weigh or bag the marijuana. He did know that his father placed the marijuana in gallon-sized Ziploc bags in one-pound increments and that he knew this because it was how

3

he received marijuana from his father. He said he would receive $3000 to $4000 and a "couple" pounds of marijuana for helping his father with the marijuana grow. He had started helping his father in 2005, when they grew only about 25 plants. This amount increased each year thereafter.

. Aubrey Fenske told the officers that he sold and gave away part of the marijuana given to him by his father. Those transactions occurred mainly at his residence at 794 Cherry Drive, Township of Elderon.

Claimant is the owner of both defendant properties. 794 Cherry Drive is approximately one-half mile from 1044 Cherry Drive.

Plaintiff United States filed its complaint on September 26, 2008. On January 13, 2009, defendant real property located at 794 Cherry Drive, Township of Elderon, was posted with a copy of the complaint and notice of complaint. On the same day, defendant real property located at 1044 Cherry Drive, Township of Elderon, was posted with a copy of the complaint and notice of complaint. Both claimant Randal Fenske and former claimant Aubrey Fenske were served with copies of the complaints and notices of complaint on January 13, 2009. Aubrey Fenske filed an answer on March 20, 2009; Randal Fenske filed an answer on Jaune 9, 2009. Notice of the forfeiture complaint was published on the official internet government forfeiture site www.forfeiture.gov from January 28, 2009 to February 24, 2009.

OPINION

Claimant does not dispute that his property at 1044 Cherry Drive is subject to forfeiture under 21 U.S.C. § 881(a)(7) because it was used to commit a violation of 21 U.S.C. §§ 801 et seq. However, he denies that the property at 794 Cherry Drive can be deemed forfeited because, he says, he had no knowledge of any drug activity occurring at that property. He acknowledges that he must show either that plaintiff is wrong about the existence of a substantial connection between the property and the drug activity or that he was an innocent owner of property, that is, one "who did not know of the conduct giving rise to the forfeiture; or upon learning of the conduct giving rise to the forfeiture, did all that could reasonably under the circumstances to determine such use of the property." 18 U.S.C. § 983(d)(2)(A).

Claimant argues that plaintiff is not entitled to forfeiture of the property at 794 Cherry Drive simply because of claimant's activities at 1044 Cherry Drive. He maintains that his son had complete dominion and control over the 794 Cherry Drive property, that he himself did not reside there and knew nothing of what personal property or other personal effects were on the property.

Plaintiff counters with the assertion that it can establish a substantial connection between the 794 Cherry Drive property and criminal activity, making the property subject to forfeiture. In other words, it can prove that the property was either used or intended to

5

be used to commit a crime or facilitate its commission. To make this showing, plaintiff relies on Aubrey Fenske's statements about helping his father grow marijuana, receiving money for the help, along with a "couple" pounds of marijuana, and his own sales and gifts of the marijuana he received. These statements, together with the evidence seized during the execution of the search warrant, are sufficient to show that the 794 Cherry Drive property was substantially connected to the underlying criminal activity of facilitating the manufacturing and distribution of marijuana. Accordingly, claimant cannot prevent the forfeiture unless he can prove that he was an innocent owner of the 794 Cherry Drive property.

     Claimant has fallen far short of proving that proposition by a preponderance of the evidence. According to his son's statement, he knew that his son was fully involved in the manufacture of marijuana, he knew that his son had a substantial quantity of marijuana that he had provided to his son and he knew that his son was living at a house he owned. The search warrant turned up ample evidence of his marijuana grow operation and his packaging efforts. He does not deny that he gave marijuana as well as money to his son in payment for Aubrey's help with the operation. Only someone willfully blind to the evidence around him would not have know what was obvious: Aubrey Fenske was going home with a "couple" pounds of marijuana that he would store in or around his residence and distribute to others by gift or sale. Willful blindness is not lack of knowledge. "[K]nowledge includes a willful

6

blindness or a failure to investigate because 'one was afraid of what the inquire would yield.'" Lorillard Tobaccvo Co., Inc. v. A & E Oil, Inc., 583 F.3d 588, 592 (7th Cir. 2007) (quoting Louis Vuitton v. Lee, 875 F.2d 584, 590 (7th Cir. 1989)).

Under these circumstances, no reasonable jury could find that claimant did not know that his property at 794 Cherry Drive was being used to store marijuana. Therefore, his claim to the property will be denied. Claimant does not suggest that he can qualify as an innocent owner because he did all he could to prevent his doing so. He has produced no proof of prevention efforts, but has relied solely on his position that he did not know about the conduct.

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiff United States of America is GRANTED and the defendant properties at 1044 Cherry Drive, Township of Elderon, Marathon County, Wisconsin, with all appurtenances and improvements thereon and at 794 Cherry Drive, Township of Elderon, Marathon County,

7

Wisconsin, with all appurtenances and improvements thereon are FORFEITED to plaintiff.

Entered this 9th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8