IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                        OPINION AND ORDER

           Plaintiff,

                                                        08-cv-564-bbc

    v.

REAL PROPERTY LOCATED AT
1044 CHERRY DRIVE, TOWNSHIP
OF ELDERON, MARATHON COUNTY,
WISCONSIN, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON;

and

REAL PROPERTY LOCATED AT
794 CHERRY DRIVE, TOWNSHIP
OF ELDERON, MARATHON COUNTY,
WISCONSIN, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on February 9, 2010, I found that the defendant properties were subject to forfeiture because the properties' owner, claimant Randal Fenske, had used them to facilitate the manufacturing and distribution of marijuana, in violation of U.S.C. § 801 et seq.  Judgment of forfeiture was entered on February 11, 2010.  Fenske has now moved for

1

vacation of the order of forfeiture, arguing that the court's order violates the excessive fines clause of the Eighth Amendment, and for a stay of the order of forfeiture pending a decision on the first motion. Both motions will be denied.

The parties agree that the total value of the two properties is about $191,589. Fenske maintains that a forfeiture of this amount is excessive when compared to the maximum fines to which he would have been subject under state law, which would have been $35,000 for his convictions of one Class F felony and one Class I felony. Wis. Stat. § 939.50(3)(f) and (i) (maximum fine for Class F felony is $25,000; maximum fine for Class I felony is $10,000).

Fenske is correct that the Eighth Amendment prohibits excessive fines as punishment for offenses and that it applies to his case, despite the fact that the government proceeded against him in a civil and not a criminal forfeiture proceeding. The forfeiture of Fenske's real property is properly characterized as punishment, both because it requires a finding that the property has been used for a criminal purpose and because the applicable law governing civil forfeiture, 18 U.S.C. § 983, includes an innocent owner exception. United States v. Bajakajian, 524 U.S. 321, 328 (1998); see also United States v. Austin, 509 U.S. 601, 621-22 (1993) (holding that review under excessive fines clause was proper for civil forfeitures of real property used to facilitate drug crime; forfeiture provision focused on culpability of owner and included innocent owner exception).

If the only factor to consider in determining the excessiveness of the forfeiture were

2

the value of the properties compared to the maximum state fines for his offenses, Fenske might have some basis for his assertion that the forfeiture is excessive, but it is not the only factor. The court may take into consideration the gravity of the offense. Bajakajian, 524 U.S. at 336-37.

The investigation of Fenske's criminal conduct turned up approximately 84 marijuana plants growing in three separate sites on property that Fenske owned in Shawano County. At Fenske's 1044 Cherry Drive residence in Marathon County, law enforcement officers found packaging and weighing equipment, money laundering books, rolling papers and a marijuana grow room containing six marijuana plants. They found three miniature marijuana plants between the residence and the garage that appeared to be "mother" plants used for cloning. In the garage, they found a large drying room containing approximately 185 pounds of freshly harvested marijuana, fans and humidifiers. In the 794 Cherry Drive residence, officers found a plastic bag containing 174.25 grams of marijuana, a marijuana grinder, a metal scale, rolling papers and plastic bags containing small amounts of marijuana; 2.56 grams, 46.83 grams and 3.98 grams.

If the 185 pounds of freshly harvested marijuana were top quality, it could sell for as much as $4500 a pound. Presumably, the marijuana would weigh less than 185 pounds when dried and may not be the highest quality available. Nevertheless, it is reasonable to believe that Fenske could have sold it for at least $200,000. Moreover, the evidence was that this

3

was not Fenske's first excursion into the business of marijuana manufacturing and distribution but that he had been engaged in this activity since at least 2003. The gravity of the crime is not out of proportion to the value of the two forfeited properties. In addition, the action for forfeiture was a federal proceeding. Federal criminal law makes conduct such as Fenske's criminal under 21 U.S.C. §§ 801 et seq. Section 841(b)(1)(C) authorizes a fine of up to $1,000,000 for offenses involving the amounts of marijuana handled by Fenske at his residence. The maximum fine reflects Congress's judgment about the seriousness of crimes such as Fenske's. Legislative findings are a strong indicator of proportionality. Bajakajian, 524 U.S. at 336 ("judgments about the appropriate punishment for an offense belong in the first instance to the legislature") (citing Solem v. Helm, 463 U.S. 277, 290 (1983) ("Reviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes")).

Under the circumstances of this case, which include Fenske's responsibility for growing, harvesting, drying, packaging and delivering large quantities of marijuana over an extended period of time, his use of the two properties for facilitating his criminal activity and Congress's determination that the maximum fine for conduct such as Fenske's can be as much as $1,000,000, I cannot say that the forfeiture of properties worth approximately $191,589.15 is disportionate to the gravity of the crime and thus, excessive under the Eighth

4

Amendment.

## ORDER

IT IS ORDERED that claimant Randal Fenske's motions for a determination that the forfeitures ordered in this case violated the excessive fines clause of the Eighth Amendment is DENIED. His motion for a stay of execution of the forfeiture order is DENIED as moot.

Entered this 4th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5